**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **NO. 3:20-cr-37 (CAR)** |
| | : | |
| **RAYTRON TROY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON NUNC PRO TUNC MOTIONS FOR CONCURRENT SENTENCING**

Before the Court are Defendant Raytron Troy's "Nunc Pro Tunc Motions for Concurrent Sentencing" wherein he seeks a "*nunc pro tunc*" order to run his federal sentence concurrent to his state sentence and to receive credit for time served on state charges to be applied toward his federal sentence. For the reasons set forth below, Defendants' Motions [Docs. 47 and 48] are **DENIED**.

Defendant entered a plea of guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2, and was sentenced on July 15, 2021, to a term of 112 months in prison "to be served consecutively to the terms of imprisonment imposed in the Superior Courts of Athens-Clarke and Oconee County, Georgia, Case Nos. SU-12-CR-0952, SU-18-CR-0250 and 2016-CR-0066 for violation of probation" and three years' supervised release.[1] According to

[1] [Doc. 45, p. 2].

the Georgia Department of Corrections, Defendant was in state custody until June 8, 2023. Defendant is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Atlanta in Atlanta, Georgia. His projected release date is May 22, 2030.

Defendant now seeks to have the Court modify his federal sentence to run his concurrent to his state sentence and receive credit for time served in state custody. But this Court is without authority to grant Defendant's requests.

This Court specified in its judgment that Defendant's sentence was to run consecutively to the state charges. Thus, in asking that the Court "*nunc pro tunc*" order his federal sentence to run concurrent with his state sentence, Defendant asks this Court to modify the terms of his sentence. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."[2] Under 18 U.S.C. § 3582(c), a district court may reduce a sentence only under three circumstances: (1) the BOP files a motion, or the defendant files a motion after fully exhausting all administrative rights and (a) extraordinary and compelling reasons justify a reduction or (b) defendant is at least 70 years old, has served at least 30 years in prison, and the BOP has determined is not a danger to anyone; (2) a reduction is expressly permitted by a statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) the defendant was sentenced based on a

---

[2] *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

Sentencing Guidelines range that was subsequently lowered by the Sentencing Commission.[3]

Defendant points to no statute or caselaw that would authorize the Court to modify his federal sentence.[4] He has not argued that he was sentenced based on a Guidelines range that was subsequently lowered by a retroactive amendment such that he could seek relief under § 3582(c)(2); neither he nor the BOP filed a motion for relief under § 3582(c); and the modification is not otherwise expressly permitted by statute or rule. He likewise cannot seek a modification of his sentence under Rule 35, as he did not move for a correction within 14 days after judgment was entered,[5] and he makes no argument that 18 U.S.C. § 3742 applies to his claim.

As to Defendant's request to receive credit for time served in state custody, "[t]he Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."[6] "The granting of credit for time served is in the first instance an administrative, not a judicial, function."[7] "Because the BOP has the responsibility for determining credit awards, 'a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking

---

[3] 18 U.S.C. § 3582(c).
[4] *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) (stating district courts lack inherent authority to modify a term of imprisonment and may do so only to the extent that a statute or rule expressly permits).
[5] *See* Fed. R. Crim. P. 35(a).
[6] *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson*, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b)).
[7] *Id.* (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (internal quotation marks omitted)).

judicial review of his sentence.'"[8] "Only 'after the exhaustion of administrative remedies' may a claim for credit for time served be brought under [28 U.S.C.] § 2241."[9] Here, Defendant has not shown that he has exhausted his administrative remedies by requesting a credit from the BOP. Thus, it would be premature for this Court to address the issue until he has exhausted his administrative remedies.[10]

For the foregoing reasons, Defendant's Motions [Docs. 47 and 48] are **DENIED**.

**SO ORDERED**, this 16th day of November, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[8] *Roberson*, 746 F. App'x at 885 (quoting *Unitd States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005)).

[9] *Id.* (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000)).

[10] *Id.* (citing *Williams*, 425 F.3d at 990 ("Until Williams exhausts his administrative remedies, this issue is not ripe for judicial review.")). Indeed, Defendant concedes that "[t]he court is powerless to amend [Defendant's] judgment at this juncture[,]" and asks the Court to "direct[ ] the [BOP] to note this concurrent time in his computation data[.]" Doc. 48, pp. 4, 5. The Court declines to give any request for a recommendation as to credit for time served at this time.